IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERITAS LIFE INSURANCE CORP. f/k/a AMERITAS VARIABLE LIFE INSURANCE COMPANY and AMERITAS INVESTMENT CORP., | ) | Case No. ________________ |
| Plaintiffs, | ) | |
| v. | ) | |
| KIRK BROWN, | ) | **COMPLAINT** |
| Defendant. | ) | |

Plaintiffs, Ameritas Life Insurance Corp. f/k/a Ameritas Variable Life Insurance Company and Ameritas Investment Corp. ("Plaintiff"), complain of Defendant Kirk Brown ("Defendant") and states:

**Parties**

1. Plaintiffs are Nebraska corporations with their principal places of business in Lincoln, Nebraska.

2. Defendant is a citizen of Massachusetts and resides, upon information and belief at 6 Wier Street Ext., Hingham, MA 02043-1442.

**Jurisdiction and Venue**

3. Jurisdiction. The Court has original jurisdictional of this civil action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of

interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendant. In that regard, Plaintiffs are citizens of Nebraska, and Defendant is a citizen of Massachusetts.

4. Venue. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, as a substantial part of the events or missions giving rise to Plaintiffs' claims occurred in this district.

5. Personal Jurisdiction. The Court has personal jurisdictional over Defendant both by virtue of his contacts with Nebraska and pursuant to the "Forum Selection" clauses of contracts between Plaintiffs and Defendant.

**Operative Facts**

6. Plaintiff Ameritas Life Insurance Corp. ("ALIC") is a Nebraska life insurance company licensed to sell insurance products ("Policies") in all fifty (50) states of the United States of America.

7. Plaintiff Ameritas Investment Corp. ("AIC") is a Nebraska company licensed to sell securities products ("Securities") in all fifty (50) states of the United States of America.

8. Upon information and belief, at all times relevant to this action, Defendant was licensed by the state of Massachusetts to solicit Policies in that state.

9. On January 10, 2003, Plaintiff ALIC and Defendant entered into a written contract entitled General Agent Contract, a copy of which is attached hereto as Exhibit "A", wherein Plaintiff ALIC appointed Defendant as a general agent of Plaintiff ALIC for the purposes of, among other things, soliciting and selling Policies on Plaintiff ALIC's behalf.

10. On January 1, 2006, Plaintiff ALIC and Defendant entered into a written contract entitled Producing General Agent Contract, a copy of which is attached hereto as Exhibit "B", wherein Plaintiff ALIC appointed Defendant as a general agent of Plaintiff ALIC for the purposes of, among other things, soliciting and selling Policies on Plaintiff ALIC's behalf.

11. On August 13, 2002, The Advisors Group ("TAG") and Defendant entered into a written contract entitled Registered Representative Agreement, a copy of which is attached hereto as

Exhibit "C". In that document, Defendant was appointed as a representative of Plaintiff for the purposes of, among other things, soliciting and selling Securities. On or after October 31, 2003, AIC, an affiliate of TAG, effectively assumed Defendant's Registered Representative Agreement with TAG when Defendant became a registered representative of AIC. AIC did not require that Defendant sign a new AIC contract.

12. In the January 10, 2003 General Agent Contract (Exhibit A), Defendant agreed on page 4, section 6, as follows:

> You agree to repay on demand any disbursements we make for any claims against you and any costs or attorneys' fees we incur associated with those claims as a result of transactions arising out of this Contract.

13. In the January 1, 2006 Producing General Agent Contract (Exhibit B), Defendant agreed on page 5, as follows:

> You agree to repay on demand any disbursements we make for any claims against you and any costs or attorneys' fees we incur associated with those claims as a result of transactions arising out of this Contract.

14. In the August 13, 2002 Registered Representative Agreement (Exhibit C), Defendant agreed on page 2, section j, as follows:

> Representative hereby indemnifies, shall keep indemnified, and shall hold TAG, its affiliates, directors, officers, agents and employees harmless from and against all loss, liability, damage and expense including without limitation reasonable attorney's fees and expenses of pursuing claims under this Agreement, or arising from, related to, directly or indirectly:
> . . .
> (2) any claim, demand, action, or cause of action, including without limitation complaints, lawsuits, and arbitration, asserted or brought by any of Representative's clients, whether or not such clients are or were clients of TAG.

15. Defendant made unsuitable recommendations to fourteen (14) customers forcing Plaintiffs to make the customers whole by refunding premiums and monetary payments. The total monies Plaintiffs paid to make the customers whole was $276,727.05 as shown on Exhibit "D" attached hereto.

16. On January 31, 2007, Plaintiffs terminated the Contracts.

17. Defendant is required by its Contracts with Plaintiffs to re-pay the settlements.

18. Plaintiff has made demands to Defendant to repay the amounts due.

19. Defendant has refused to pay and is in breach of the Contracts.

**Causes of Action**

20. Breach of Contract. Plaintiffs at all times performed its obligations under Contracts. Defendant breached the Contracts by failing to re-pay the settlements to Plaintiffs. As a result of said breach by Defendant, Plaintiffs have been damaged in the amount of $276,727.05. 21. Unjust Enrichment. As a result of Defendant's refusal to re-pay the settlements, Defendant received a benefit to the Plaintiffs' detriment which violates the principles of justice, equity, and good conscience. As a result of the unjust enrichment of Defendant, Plaintiffs have been damaged in the amount of $276,727.05.

**Prayer**

22. Plaintiffs respectfully request the following relief:

a. That Defendant be served with a Summons and this Complaint and then be required to answer in the time and manner prescribed by law;

b. That Plaintiffs recover their attorney's and paralegal's fees and costs;

c. That Plaintiffs recover pre-judgment and post-judgment interest at the highest rate and to the maximum extent permitted by law;

d. That Plaintiffs have all such other and further relief, both general and special, at law and at equity, to which it may show itself justly entitled.

Dated this 23rd day of December, 2008.

AMERITAS LIFE INSURANCE CORP. f/ka
AMERITAS VARIABLE LIFE INSURANCE
COMPANY, and
AMERITAS INVESTMENT CORP., Plaintiffs.

By: /David M. Williams/

DAVID M. WILLIAMS
AMERITAS LIFE INSURANCE CORP. f/ka
AMERITAS VARIABLE LIFE
INSURANCE COMPANY, and
AMERITAS INVESTMENT CORP.
Law Department
5900 O Street/P.O. Box 81889
Lincoln, NE 68501
(402) 467-7852