UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMERITAS LIFE INSURANCE CORP., ET AL. | ) ) ) | |
| v. | ) ) | Civil Action No. 09-11070-LTS |
| KIRK BROWN | ) ) ) | |

MEMORANDUM AND ORDER ON
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

September 29, 2010

SOROKIN, M.J.

On July 7, 2010, plaintiffs Ameritas Life Insurance Corp. ("Ameritas Life") and Ameritas Investment Corp. ("Ameritas Investment") filed a motion for summary judgment as to their claim for breach of contract against defendant Kirk Brown. For the reasons set forth below, the motion is ALLOWED.

BACKGROUND

.   The undisputed facts are as follows. On August 13, 2002, Brown entered into an agreement with The Advisors Group, Inc., an affiliate of Ameritas Investment. Pursuant to the agreement, Brown was appointed as a representative of the Advisors Group for the purpose of, *inter alia*, the solicitation and sale of securities.[1] On January 10, 2003, Brown entered into an agreement with Ameritas Life, pursuant to which he was appointed as a general agent whose tasks included the solicitation and sale of insurance policies. Brown entered into another

---

[1] In October of 2003, Brown ceased serving as a registered representative of The Advisors Group. He became a registered representative of Ameritas Investment, which assumed The Advisors Group's rights and obligations under its contract with Brown.

agreement with Ameritas Life in January of 2006. This second agreement also provided that Brown would be a general agent of Ameritas Life, and that he would solicit and sell insurance policies.

All of the agreements set forth above included indemnity agreements pursuant to which Brown agreed to indemnify the plaintiffs. For example, in his August of 2002 agreement with The Advisors Group (which subsequently applied to Ameritas Investment), Brown agreed to indemnify against

> all loss, liability, damage and expense including without limitation reasonable attorney's fees and expenses of pursuing claims under this Agreement, or arising from, related to, directly or indirectly: . . . (2) any claim, demand, action, or cause of action, including without limitation, complaints, lawsuits, and arbitration, asserted or brought by any of [Brown's] clients, whether or not such clients are or were clients of [The Advisors Group].

In addition, in both the January of 2003 agreement and the January of 2006 agreements, Brown agreed to "repay on demand any disbursements" that Ameritas Life "make[s] for any claims against [Brown] and any costs or attorney's fees."

Subsequent to these agreements, numerous clients asserted fourteen claims against Ameritas Investment and/or Ameritas Life arising out of transactions that were handled by Brown.[2] To resolve these claims, plaintiffs have paid the clients a total of nearly $775,000, at a net cost to plaintiffs of $276,727.05. Despite plaintiffs' contention that all of these settlements were the result of transactions arising out of the agreements with Brown, Brown has refused to reimburse plaintiffs.

## DISCUSSION

---

[2] The claims all asserted that Brown made errors or omissions when he was plaintiffs' agent.

Brown has not opposed plaintiffs' motion for summary judgment, and thus the Court must accept the facts set forth above as undisputed. "If the opposing party does not . . . respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). See also Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir. 1989) ("[T]he opposing party, by failing to file a written objection and memorandum as required by the rules, waives the right to controvert the facts asserted by the moving party in the motion for summary judgment and the supporting materials accompanying it."); Local Rule 56.1, ("[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."). Plaintiffs' motion, however, may not be automatically granted simply because of Brown's failure to oppose the motion. The court must still "inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir. 1991).

Here, the undisputed facts show that Brown entered into three agreements with the plaintiffs, whereby he agreed to indemnify/reimburse plaintiffs for any monies expended in connection with claims made by clients arising out of Brown's affiliation as a representative/agent of plaintiffs. Plaintiffs have also shown that fourteen claims, totaling $276,727.05 in costs to plaintiffs, have been settled. Brown has not opposed any of these allegations, nor has he in any way suggested that plaintiffs are not entitled to recovery under the terms of the agreements at issue. Therefore, the Court finds that summary judgment is appropriate.

## CONCLUSION

Plaintiffs' motion for summary judgment on their breach of contract claim is ALLOWED.  The clerk shall enter judgment in favor of plaintiff.

                        SO ORDERED.

                            /s / Leo T. Sorokin
                        Leo T. Sorokin
                        UNITED STATES MAGISTRATE JUDGE